FILED LODGED ENTERED RECEIVED

JAN 1

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERRY MADSEN,

    Plaintiff,

v.

JUDGE PHILIPS, et al.,

    Defendants.

CASE NO. C99-1805C

ORDER

The Court, having considered plaintiff's application to proceed in forma pauperis (IFP) and the balance of the file herein, does hereby find and ORDER:

(1) On December 3, 1999, plaintiff was advised by the clerk that his application was deficient in that no copy of his prison trust account statement, showing transactions for the past six months, was attached. On December 27, 1999, plaintiff responded by providing a copy of a receipt for a single transaction, a withdrawal of $111.93 from his account. This does not meet the court's requirement that he provide a copy of his prison trust account statement. Plaintiff shall be given on additional extension of time, until January 28, 2000, to provide the statement, or the IFP application shall be denied and the action dismissed.

(2) Plaintiff is advised that even if he submits the documentation necessary to proceed with this action, it is subject to dismissal for failure to state a claim. The essence of plaintiff's complaint is that his sentence is excessive. Such a claim is not cognizable in an action under 42 U.S.C. § 1983. Habeas corpus is the sole federal remedy for a prisoner challenging either the fact or the duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973). The complaint herein cannot be

ORDER - 1

construed as a petition for habeas corpus, however, in the absence of any showing that plaintiff has exhausted state remedies on his claim as required under 28 U.S.C. § 2254(b). Therefore, it must be dismissed.

(3) The clerk shall direct a copy of this Order to plaintiff at his place of confinement.

DATED this __14__ day of __January__, 2000.

RICARDO S. MARTINEZ
United States Magistrate Judge

ORDER - 2